IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 20, 2008

Charles R. Fulbruge III
Clerk

No. 07-30830
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JOSEPH R BARTHOLOMEW, III

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:05-CR-159-1

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Joseph R. Bartholomew, III, appeals the sentence imposed following his conviction of conspiracy to possess, steal, and embezzle United States Treasury checks, forging endorsements on United States Treasury checks, theft of mail matter, and theft of mail matter by an officer or employee, in violation of 18 U.S.C. §§ 371, 510(b)(2), and 1709. He argues that the district court erred at sentencing by increasing his offense level by two levels pursuant to U.S.S.G. § 2B1.1(b)(10)(C)(i) (2006) based on the finding that the offense involved "the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

unauthorized transfer of any means of identification unlawfully to produce or obtain any other means of identification," increasing his offense level by four levels pursuant to U.S.S.G. § 2B1.1(b)(2)(B) based on the finding that the offense involved 50 or more victims, and increasing the offense levels by two levels based on U.S.S.G. § 3B1.1(c) after finding that Bartholomew was an organizer, leader, manager, or supervisor in the criminal activity.

Regarding § 2B1.1(b)(10)(C)(i), Bartholomew argues that this guideline applies where someone steals another person's identity and attempts to establish new credit. He argues that he and his coconspirators were merely trying to produce identification to allow them to cash stolen checks and that the guideline does not reach this type of conduct. Although Bartholomew challenged the application of § 2B1.1(b)(10)(C)(i) in the district court, he did not present to the district court the same argument that he presents to this court regarding this issue. Plain error review therefore governs this issue. See United States v. Green, 324 F.3d 375, 381 (5th Cir. 2003). This court may correct the sentencing determination only if (1) there is an error, (2) that is plain, meaning an error that is clear under current law, and (3) it affects substantial rights. See United States v. Peltier, 505 F.3d 389, 392 (5th Cir. 2007), cert. denied, 2008 WL 227315 (June 23, 2008) (No. 07-8978); United States v. Molina, 469 F.3d 408, 411 (5th Cir. 2006). The decision to correct the error is within the sound discretion of this court and this court should not correct the error unless it "seriously affects the fairness, integrity or public reputation of judicial proceedings." Peltier, 505 F.3d at 392.

Section § 2B1.1(b)(10)(C)(i) provides that the offense level is increased by two levels if the offense involved "the unauthorized transfer or use of any means of identification unlawfully to produce or obtain any other means of identification." § 2B1.1(b)(10)(C)(i). The guideline focuses on an aggravated form of identity theft where a defendant uses another individual's name, social security number, or some other form of identification to produce or obtain new

or additional forms of identification. § 2B1.1, comment. (background). Evidence establishes that Bartholomew's offense involved unauthorized use of a name taken from Treasury checks that Bartholomew, a postal worker, stole, to produce false identification using that name. As the guideline language indicates that § 2B1.1(b)(10)(C)(i) is properly applied where an offense involves unauthorized use of a name to produce false identification, the guideline language indicates that § 2B1.1(b)(10)(C)(i) was properly applied in this case. Bartholomew does not cite contrary authority. The district court therefore did not commit plain error when it applied § 2B1.1(b)(10)(C)(i). See Molina, 469 F.3d at 411 (observing that in plain error review there must be error that is clear under existing law).

Bartholomew argues, as he did in the district court, that the district court erred when it determined that a four-level offense level increase pursuant to § 2B1.1(b)(2)(B) was applicable because the offense involved 50 or more victims. A "special rule" provides that, in cases involving undelivered U.S. mail that involve a United State Postal Service relay box, collection box, delivery vehicle, satchel, or cast, the offense "shall be considered" to have at least 50 victims. § 2B1.1(2)(B), comment. (n.4(C)(ii)(I)). A district court's interpretation or application of the Sentencing Guidelines is reviewed de novo, and its factual findings are reviewed for clear error. See United States v. Cisneros-Gutierrez, 517 F.3d 751, 764 (5th Cir. 2008). Trial testimony established that Bartholomew used his mail delivery vehicle in the offense. As the offense involved a postal service delivery vehicle, the determination that the offense involved at least 50 victims is plausible in light of the record. See § 2B1.1(2)(B), comment. (n.4(C)(ii)(I)); Cisneros-Gutierrez, 517 F.3d at 764. The district court did not err in its application of § 2B1.1(b)(2)(B). See Cisneros-Gutierrez, 517 F.3d at 764.

Bartholomew argues, as he did in the district court, that the district court erred when it increased his offense level by two levels pursuant to § 3B1.1(c). He argues that the record is devoid of evidence indicating that he was an

organizer, leader, manager, or supervisor, asserting that his role was simply to provide stolen checks. Bartholomew had access to the checks and was the supplier of the tools of the conspiracy. Moreover, Bartholomew exercised control over the conspiracy and provided instructions regarding the conspiracy. Thus, the district court's findings are plausible in light of the record. See Cisneros-Gutierrez, 517 F.3d at 764.

For the foregoing reasons, the judgment of the district court is AFFIRMED.